Unified Judicial System

 

 
 Formatting courtesy of the State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501
CHARLES W. WEISS,
f/d/b/a Black Hills Catering Service,
Plaintiff and Appellant,
v.
ROBERT VAN NORMAN,
Defendant and Appellee.
[1997 SD 40]
South Dakota Supreme Court
Appeal from the Seventh Judicial Circuit, Pennington County, SD
Hon. Roland E. Grosshans, Judge
#19742 â Affirmed
Timothy L. James, James & Associates, Yankton, SD
Attorneys for Plaintiff and Appellant.
Edward C. Carpenter, Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, SD
Attorneys for Defendant and Appellee.
Considered on Briefs Feb 20, 1997; Opinion Filed Apr 16, 1997 
SABERS, Justice. 
[Â¶1] Charles Weiss appeals from summary judgment of his legal malpractice claim against defendant attorney Robert Van Norman. We affirm. 
FACTS 
[Â¶2] Weiss owned a company known as âBlack Hills Catering Service,â which, among other catering ventures, contracted with the United States Fire Service to provide fire season âemergency response equipment kitchensâ in Billings, Montana and Rapid City, South Dakota. When Weiss decided to sell the business, he entered into an exclusive listing arrangement with Rapid City realtor Rick Kahler (Kahler). Pursuant to their agreement, Kahler was to receive a 6% commission from the sale of the business, regardless of who procured the sale, so long as it was made within a specified period of time. 
[Â¶3] Weiss complained to Kahler, and to his attorney Van Norman, that Kahler was not working hard enough to locate potential purchasers. Kahler responded by offering to reduce his commission from 6% to 3% in a document dated April 7, 1992. Still claiming dissatisfaction with Kahler's performance, Weiss âfiredâ him by letter dated April 22, 1992. 
[Â¶4] Weiss did not inform Kahler that an offer for the purchase of the business was made and signed by the ultimate buyer (Zundel) on March 30, 1992. Weiss and Zundel signed a renegotiated sale agreement on July 7, 1992. Zundel made a downpayment and took possession on that date. Weiss did not pay the commission and Kahler sued. Summary judgment was granted to Kahler for the full 6% commission, plus interest, for a total judgment of $57,120. Weiss appealed, and we affirmed in part, but reversed and remanded on the issues of 1) whether Kahler substantially performed under the contract, and if not, whether the contract failed for lack of consideration; and 2) whether Kahler breached a fiduciary duty, and if so, whether the breach barred Kahler's recovery. See Kahler, Inc. v. Weiss, 539 NW2d 86, 91-92 (SD 1995). Van Norman's brief states that Kahler and Weiss settled that lawsuit. [fn1] 
[Â¶5] Weiss sued, claiming Van Norman committed legal malpractice by advising him that he could cancel the listing agreement, without obligation to pay any commission, by terminating Kahler via certified letter. Weiss argues Van Norman should be liable for Weiss' costs and attorneys' fees incurred in the defense and appeal of the lawsuit brought by Kahler, and for the cost of the judgment. He claims his reliance on Van Norman's erroneous advice led him to forego other options, such as negotiating with Kahler for a lower commission. Therefore, he argues, Van Norman should be responsible for all litigation costs resulting from that advice. 
[Â¶6] Van Norman denies advising Weiss that a termination letter would eliminate the commission owed under the listing agreement. He claims that he and Weiss discussed several options, and that he simply told Weiss to write the letter as a courtesy so Kahler would not continue to incur costs in promoting the sale of the business. 
[Â¶7] Van Norman argues that even if he had told Weiss no commission would be owed if Kahler were fired, Weiss' claim must fail for lack of proximate cause because the obligation to pay the commission was contractual, and fixed long before the alleged legal advice of April 22, 1992. 
[Â¶8] As for the costs incurred in defending the Kahler lawsuit, Van Norman points out that Weiss retained other counsel in that matter, and that it was advice from subsequent counsel which led Weiss to contest payment of the commission. Van Norman also claims our decision in Kahler, supra demonstrates there was a reasonable basis for the alleged advice to cancel the agreement. Finally, Van Norman argues âelection to settle when the very issue as to the correctness of the alleged advice was before the trial court precludes plaintiff from now claiming that the alleged advice was negligent.â Because we dispose of this case on the basis of proximate cause, we do not reach these arguments. 
STANDARD OF REVIEW 
[Â¶9] Our standard of review for summary judgment is well-established: 

In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper. 
Lamp v. First Nat'l Bank of Garretson, 496 NW2d 581, 583 (SD 1993) (citation omitted). âThe burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.â State Dep't of Revenue v. Thiewes, 448 NW2d 1, 2 (SD 1989) (citation omitted). If there are no genuine issues of material fact present in this case, then summary judgment will be affirmed if the trial court correctly decided the legal issues before it. Farmland Ins. Cos. v. Heitmann, 498 NW2d 620, 622 (SD 1993) (citing Stroh v. Town of Java, 463 NW2d 923 (SD 1990); Bego v. Gordon, 407 NW2d 801 (SD 1987); Trapp v. Madera Pacific, Inc., 390 NW2d 558 (SD 1986)). 
ISSUE 
[Â¶10] Assuming the Alleged Advice Constituted Legal Malpractice, Was It the Proximate Cause of the Obligation to Pay the Realtor's Commission? 
[Â¶11] To prevail in a legal malpractice action, the plaintiff must prove: 

1. An attorney-client relationship giving rise to a duty; 
2. the attorney, either by an act or a failure to act, violated or breached that duty; 
3. the attorney's breach of duty proximately caused injury to the client; and 
4. the client sustained actual injury, loss or damage. 
Ford v. Moore, 1996 SD 112, Â¶7, 552 NW2d 850, 852 (citing Keegan v. First Bank of Sioux Falls, 519 NW2d 607, 611 (SD 1994)). It is undisputed Van Norman and Weiss had an ongoing attorney-client relationship. For purposes of this summary judgment we are required to view all inferences most favorably to the nonmoving party, Keegan, 519 NW2d at 611; we will therefore, for the sake of analysis, assume Van Norman breached his duty to Weiss by giving erroneous advice concerning the commission on the sale of the business. [fn2]  We must determine whether that breach proximately caused any damages claimed by Weiss. 
[Â¶12] The burden is on Weiss to demonstrate that, absent Van Norman's advice, he would have suffered no injury: 

In attorney malpractice, the causal requirement is worded in the negative. For example, it is often said that the plaintiff can recover against the defendant-attorney only when it can be shown that the injury would not have occurred âbut forâ the negligence of the lawyer. Thus, the plaintiff must establish that the total or partial loss would not have occurred had it not been for some act or omission on the part of the attorney. 
Haberer v. Rice, 511 NW2d 279, 284 (SD 1994) (quoting David J. Meiselman, Attorney Malpractice: Law and Procedure Â§3:1, at 40 (1980) [hereinafter Attorney Malpractice]). Weiss entered into the listing agreement with Kahler on November 23, 1990 and owed a commission under that contract: [fn3] 

If during the term hereof, the property is sold by you or me or anyone else; or if you, or me, or any other cooperating broker produce a purchaser ready, willing and able to purchase the property; or within 360 days after the expiration of said period a sale is made to any person to whom the property has been shown by you or me or any other cooperating broker, I agree to pay you a commission of 6% plus applicable sales taxes. 
Kahler, 539 NW2d at 88. Weiss and Kahler made subsequent amendments to the agreement which, among other changes, extended the expiration date to June 1, 1992, but which never altered or deleted the provision for a 6% commission. 
[Â¶13] We agree with Van Norman that any advice he gave Weiss did not create the obligation to pay the 6% commission. Causation is generally a question of fact for the jury except when there can be no difference of opinion in the interpretation of the facts. Attorney Malpractice Â§3:2, at 41. The term âproximate causeâ is defined by this court as: âAn immediate cause and which, in natural or probable sequence, produced the injury complained of ... . Furthermore, for proximate cause to exist, the harm suffered must be found to be a foreseeable consequence of the act complained of.â Musch v. H-D Coop., Inc., 487 NW2d 623, 624 (SD 1992). Weiss did not owe the commission to Kahler by virtue of any advice from Van Norman. The obligation was contractual and established long before Weiss sought Van Norman's advice. In Staab v. Cameron, 351 NW2d 463 (SD 1984), we held that the actions of the defendant attorney in a malpractice action could not be the proximate cause of plaintiff's losses under a contract which existed before the attorney became involved in the transaction. âThis is of critical importance, since an attorney is liable in a malpractice action only for losses actually sustained as a proximate result of the conduct of the attorney.â Id. at 466 (citation omitted). Cf. Martinson Bros. v. Hjellum, 359 NW2d 865 (ND 1985) (finding that plaintiffs' damages resulted from their furnishing inaccurate financial statements, not from their attorney's failure to question them about discrepancies in the statements). Weiss was an experienced businessman and is expected to know what he signed. âAs a general principle, one who accepts a written contract is conclusively presumed to know its contents and to assent to them, in the absence of fraud, misrepresentation, or other wrongful act by another contracting party.â LPN Trust v. Farrar Outdoor Adver., Inc., 1996 SD 97, Â¶13, 552 NW2d 796, 799 (citations omitted.) 
[Â¶14] Additionally, this court decided as a matter of law that the listing agreement was not canceled, as Weiss argued, by mutual assent of the parties. Kahler, 539 NW2d at 90- 91 (â[F]ailure to communicate this vital fact [that Zundel already submitted a signed sales agreement] to Kahler invalidates a knowing assent[.]â). Since the agreement was not ever canceled, the obligation to pay the commission continued, no matter what Van Norman told him. [fn4] 
[Â¶15] It is not clear from the record whether Kahler's offer to reduce his commission by half was accepted by Weiss or whether it ever became binding. However, the record does reveal the offer came on April 7, 1992, which was over two weeks before Weiss mailed the certified letter to Kahler. Additionally, Weiss testified in his deposition that Van Norman advised him Kahler's offer was âfair.â This undisputed evidence defeats Weiss' claim that Van Norman's advice precluded negotiations with Kahler for a lesser commission. See Trammell v. Prairie States Ins. Co., 473 NW2d 460, 463 (SD 1991) (stating that a party may not claim a version of the facts more favorable to himself than his own testimony). It would be understandable if Kahler was unwilling to accept a 3% commission when he learned Zundel submitted an offer to buy the business a week before Kahler offered to lower his commission. 
[Â¶16] We hold that no genuine issue of material fact exists regarding whether the actions or omissions of attorney Van Norman caused Weiss' loss because the obligation to pay the commission was contractually fixed prior to the alleged legal advice. Accordingly, summary judgment is affirmed. 
[Â¶17] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur. 
Footnotes
fn1 . By not filing an appellant's reply brief in this case, Weiss waived the opportunity to contest this statement by Van Norman. 
fn2 . Although this is a disputed fact, it is not a genuine issue of material fact if Van Norman's alleged actions or omissions were not the proximate cause of Weiss' alleged damages. â[A] disputed fact is not `material' unless it would affect the outcome of the suit under the governing substantive law in that a `reasonable jury could return a verdict for the nonmoving party.'â Parsons v. Dacy, 502 NW2d 108, 110 (SD 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 US 242, 248, 106 SCt 2505, 2510, 91 LEd2d 202, 212 (1986)); see also Celotex Corp. v. Catrett, 477 US 317, 322-23, 106 SCt 2548, 2552, 91 LEd2d 265, 273 (1986) (stating that the rule âmandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.â).
fn3 . Weiss knew the commission was owed under the agreement upon Zundel's offer, unless Kahler somehow breached that agreement, which was the basis of our remand in Kahler, supra.
fn4 . An attorney is âneither an insurer nor guarantor of successful results in the absence of a specific agreement.â Attorney Malpractice Â§10:1, at 160 & n8 (collecting cases); accord Martinson Bros., 359 NW2d at 873; see also Transamerica Ins. Co. v. Keown, 451 FSupp 397, 402 (DNJ 1978) (âAn attorney is not a guarantor of his opinions.â).