David **WALKUP**, Appellant–Defendant,

v.

**WABASH NATIONAL CORPORATION**, Appellee–Plaintiff.

No. 79A04–9709–CV–394.

Court of Appeals of Indiana.

Feb. 24, 1998.

Thomas Blackburn, Blackburn & Green, Fort Wayne, for appellant-defendant.

Keith R. Fafarman, Gambs, Mucker, Bauman & Seeger, Lafayette, for appellee-plaintiff.

## OPINION

GARRARD, Judge.

David Walkup ("Walkup") appeals the trial court's grant of summary judgment in favor of Wabash National Corp. ("Wabash"), claiming that Wabash was not entitled to a lien against the settlement award he received under Wabash's uninsured motorist policy.

We affirm.

## FACTS

While driving in the course and scope of his employment with Wabash on September 24, 1994, Walkup was injured when he was struck by Jimmy Pruett ("Pruett"). The parties agree that the accident and Walkup's injuries were entirely the fault of Pruett. Pruett was not insured when the accident

occurred. Wabash's auto insurance policy with Cincinnati Insurance Company included coverage for uninsured motorists. Wabash, as a worker's compensation self-insurer, paid $8,599.81 in worker's compensation benefits directly to Walkup's health care providers.

In November of 1994, Walkup filed a personal injury suit against Pruett. Wabash then placed a lien on any recovery Walkup received from Pruett pursuant to Indiana Code § 22–3–2–13. Because Pruett was uninsured, Walkup looked to recover from Cincinnati Insurance under Wabash's uninsured motorist coverage. In late 1995, Cincinnati Insurance agreed to pay $18,000 in general damages under Wabash's uninsured motorist coverage.

The present suit arose out of Walkup's refusal to pay any amount of this settlement to Wabash under Wabash's lien. After Walkup's refusal to pay, Wabash filed suit to enforce the lien. Wabash and Walkup agreed to resolve this matter through cross-motions for summary judgment. After filing their motions for summary judgment, the parties waived a hearing on these motions. On June 2, 1997, the trial court granted summary judgment in favor of Wabash. Walkup appeals this grant of summary judgment.

## ISSUES

Walkup presents two issues on appeal which we restate as:

I. Whether Wabash was entitled to a lien on Walkup's settlement with Cincinnati Insurance under Indiana Code § 22–3–2–13.

II. Whether Walkup's settlement award for general damages was the proper subject of a worker's compensation lien.

## DISCUSSION

 In our review of the trial court's grant of summary judgment, we apply the same standard of review as the trial court. *Crist v. K–Mart Corp.*, 653 N.E.2d 140, 142 (Ind.Ct.App.1995), *trans. denied.* When the designated evidentiary material shows that there are no genuine issues of material fact

and the moving party is entitled to judgment as a matter of law, summary judgment shall be granted. Ind.Trial Rule 56(C); *Id.* We will affirm the trial court's grant of summary judgment on any theory consistent with the designated evidence in the record. *Crist,* 653 N.E.2d at 142. Because the facts before us are undisputed, we need only determine whether the trial court correctly applied the law to the undisputed facts.

■ Walkup first claims that Wabash is not entitled to a lien on the settlement he received from Cincinnati Insurance pursuant to Indiana Code § 22–3–2–13 because the settlement did not come from Pruett, the third party tortfeasor.[1] Wabash contends that it is entitled to a lien on the settlement because the settlement was payment for the injuries Pruett caused. In short, Wabash claims that Cincinnati Insurance acted in Pruett's stead and is, therefore, attributable to Pruett under Indiana Code § 22–3–2–13.

Indiana Code § 22–3–2–13 provides in relevant part:

> If the injured employee or his dependents shall agree to receive compensation from the employer or the employer's compensation insurance carrier or to accept from the employer or the employer's compensation insurance carrier, by loan or otherwise, any payment on account of the compensation, or institute proceedings to recover the same, the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party.

The issue before us is whether the settlement paid by Cincinnati Insurance under Wabash's uninsured motorist coverage constitutes a "fund out of which the employee might be compensated from the third party." IND.CODE § 22–3–2–13. Walkup argues that Cincinnati Insurance is not a third party,

while Wabash claims that the award paid by Cincinnati Insurance was made on behalf of the third party, Pruett.

■ Uninsured motorist insurance is designed to place an injured insured party in substantially the same position he or she would have been had the uninsured driver been insured. *Town & Country Mut. Ins. Co. v. Hunter,* 472 N.E.2d 1265, 1270 (Ind. Ct.App.1985), *trans. denied.* "[T]he uninsured motorist statute is for the protection of *persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." *Cannon v. American Underwriters, Inc.,* 150 Ind.App. 21, 275 N.E.2d 567, 569 (1971)(emphasis in original). In essence, uninsured motorist insurance acts to pay the damages owed by the uninsured driver. The amount that can be recovered under an uninsured motorist provision is tied, up to the limits of the policy, to the amount for which the offending uninsured driver is liable. *Hunter,* 472 N.E.2d at 1270.

In the present case, the settlement paid by Cincinnati Insurance was to recompense Walkup for the injuries Pruett caused. Though technically the payment came from Cincinnati Insurance, it was occasioned by the liability of Pruett to Walkup for Walkup's injuries. Cincinnati Insurance acted to pay the damages owed by Pruett. By acting in Pruett's stead, the award made by Cincinnati Insurance is attributable to Pruett, the third party tortfeasor. We hold that an award from an uninsured motorist policy paid on behalf of the third party uninsured driver is an award "out of which the employee might be compensated from the third party." IND. CODE § 22–3–2–13.[2]

■ We now must decide whether the trial court properly determined that the award for general damages was susceptible to Wabash's lien. Walkup contends that Wabash

---

**1.** Walkup also argues that the trial court's grant of summary judgment allowing the lien violates Article I, § 12 of the Indiana Constitution because it deprives him of a complete tort remedy. In support of this argument, Walkup offers no argument and cites only one case. Walkup's failure to provide cogent argument and citation to pertinent authority waives this claim. Ind.Appellate Rule 8.3(A)(7).

**2.** A recent opinion by Judge Sharpnack provides an excellent analysis of the same issue in relation to a claim involving underinsured motorist insurance. *Ansert Mechanical Contractors, Inc. v. Donald Ansert,* 690 N.E.2d 305 (1997).

can only recover under its lien for the amount that Wabash had already paid in worker's compensation benefits. Because the settlement was for Walkup's general damages and specifically excluded any amounts for hospital bills and medication, Walkup argues that Wabash cannot place a lien on this settlement. In contrast, Wabash argues that Indiana Code § 22–3–2–13 provides that it can place a lien on "any" award or settlement and, thus, could place a lien on Walkup's settlement award.

The plain language of Indiana Code § 22–3–2–13 states that an employer can place a lien on "any" settlement award. "The key word in this provision is the word 'any'. [sic] The legislature did not distinguish between amounts recovered for which the carrier is not responsible such as pain and suffering." *Dearing v. Perry*, 499 N.E.2d 268, 270 (Ind. Ct.App.1986). Damages, even for pain and suffering, will not be placed outside of the reach of the employer's lien. *Id.* Walkup argues that *Dearing* is distinguishable because the payment was made directly by a third party and because in *Dearing* there were allegations of collusion not present in this case. As discussed above, the settlement award constituted an award from which Walkup might be compensated by Pruett and, therefore, the fact that the award was made directly by the third party in *Dearing* is of no import. In *Dearing*, the allegation of collusion had no bearing on the rule upon which we rely here. The lack of collusion in the present case, therefore, does not change the rule that "any" settlement award made to the employee is subject to the lien. *Id.* We hold that Walkup's settlement award for his general damages is subject to Wabash's lien. The trial court, therefore, correctly granted summary judgment in favor of Wabash.

Affirmed.

SHARPNACK and RUCKER, JJ., concur.