1998 SD 22

**LIBERTY MUTUAL INSURANCE COMPANY and Orion Enterprises, Plaintiffs and Appellees,**

v.

**Bruce GARRY, Defendant and Appellant.**

**No. 20126.**

Supreme Court of South Dakota.

Argued Jan. 13, 1998.

Decided March 4, 1998.

R. Alan Peterson of Lynn, Jackson, Shultz & Lebrun, Sioux Falls, for plaintiffs and appellees.

Gregory K. Haugen of Wilka, Haugen & Kirby, Sioux Falls, for defendant and appellant.

SABERS, Justice.

[¶ 1.] Trial court granted summary judgment to workers' compensation insurer, ruling that its statutory lien against employee's settlement with third-party tortfeasor was not defeated by fact that employee was not made whole by settlement amount. Employee appeals. We affirm.

## FACTS

[¶ 2.] On November 19, 1991, Bruce Garry was severely injured in a motor vehicle accident. It is undisputed that at the time of the accident, Garry was acting within the scope of his employment as a truckdriver with Orion Enterprises (Employer). Employer's workers' compensation insurance carrier, Liberty Mutual (Insurer), paid $67,405.06 for Garry's medical bills and other benefits.

[¶ 3.] With Insurer's knowledge and acquiescence, Garry settled with the third-party tortfeasor's automobile insurer for $304,-804.03. This dispute centers on the extent to which Insurer's statutory lien applies against the settlement.

## STANDARD OF REVIEW

[¶ 4.] This appeal requires us to analyze SDCL 62–4–39. The construction of that statute and its application to these facts presents a question of law, which we review de novo. *Kern v. City of Sioux Falls,* 1997 SD 19, ¶ 4, 560 N.W.2d 236, 237 (citing *Johnson v. Rapid City Softball Ass'n,* 514 N.W.2d 693, 695 (S.D.1994)). Since this matter was disposed of by summary judgment, we will affirm if there are no genuine issues of material fact and if the trial court correctly decided the legal issue presented. *Weiss v. Van Norman,* 1997 SD 40, ¶ 9, 562 N.W.2d 113, 115 (citations omitted).

1. SDCL 62–4–39 was amended effective July 1, 1994 and now provides:
   If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee an amount equal to

## [¶ 5.] WHETHER AN EMPLOYEE MUST BE MADE WHOLE BEFORE INSURER'S STATUTORY LIEN APPLIES TO THIRD–PARTY RECOVERY.

[¶ 6.] At the time this matter arose, SDCL 62–4–39 provided:
> If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee such an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same.[1]

The trial court ruled, as a matter of law, that SDCL 62–4–39 created a statutory lien entitling Insurer to be reimbursed dollar-for-dollar the benefits paid on Garry's behalf. The court further ruled that the reimbursement to Insurer must be reduced by the necessary and reasonable expense of collecting the same.

[¶ 7.] Garry argues that common law principles of subrogation preclude reimbursement to Insurer until he has been "made whole." He concedes that the Legislature can, by statute, displace the common law, but argues that SDCL 62–4–39 does not abrogate the "made whole" doctrine. We disagree and find the authority to the contrary overwhelming. See, e.g., 6 Larson's Workers' Compensation Law § 71.20, at 14–5 to –14 (1997):
> It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly

the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same, which expenses may include an attorney's fee not in excess of thirty-five percent of compensation paid, subject to § 62–7–36.

the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.

. . .

As for the employee, he gets no windfall; what he gets is nothing more than actual restoration to himself of what he has lost because of the third person's wrongful act.

The right of the claimant to keep a double recovery must not be confused with the right to collect the double recovery subject to the obligation to pay over to the employer or carrier the amount of the latter's compensation outlay. It is true that in many jurisdictions the employee may collect both compensation and damages, as against the defendant's objection of double recovery, since double recovery is prevented by the employee's obligation to pay over the amount of compensation to the employer or insurer. But it is not true in any jurisdiction having a normal third-party statute that the employee may keep both recoveries.

(Emphasis in original) (collecting cases).

[¶ 8.] This court has consistently held that an employer who pays workers' compensation benefits has a statutory lien when the employee collects damages from another person. *See, e.g., National Farmers Union Property & Cas. Co. v. Bang*, 516 N.W.2d 313, 321 (S.D.1994); *see also Schipke v. Grad*, 1997 SD 38, ¶ 14, 562 N.W.2d 109, 113 ("The employee may claim workers' compensation from the employer or pursue a legal action against the third party, but may not collect from both. If the employee has collected from both, the employer is reimbursed for the amount of the workers' compensation paid less the reasonable expense of collecting same. SDCL 62–4–39."); *accord St. Paul*

Fire & Marine Ins. Co. v. Farner, 648 F.2d 489 (8th Cir.1981) (construing SDCL 62–4–39 & –40 and allowing workers' compensation insurer to recoup the benefits it paid to its employee's widow, who recovered $125,000 in a wrongful death action against the third party tortfeasor).

[¶ 9.] Garry argues that SDCL 62–4–39 would displace the common law "made whole" doctrine only if it provided a "specific distribution scheme," citing *Martinez v. Ashland Oil, Inc.*, 132 Wis.2d 11, 390 N.W.2d 72 (Ct.App.1986). Garry's reliance on this case is somewhat questionable, as that court ruled that the workers' compensation statutes displaced the common law, including the "made whole" doctrine. Garry attempts to distinguish the Wisconsin statute on the basis that the employee is guaranteed a certain percentage of the recovery before the insurer is reimbursed.[2] This is a distinction without a difference and misses the point because South Dakota law also provides a "specific distribution scheme" by entitling the employer to recover from the employee *"an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same."* SDCL 62–4–39 (emphasis added). *Cf. Neumann v. American Family Ins.*, 5 Neb.App. 704, 563 N.W.2d 791, 796 (1997):

[B]ecause the workers' compensation carrier's right of subrogation is statutory, the fact that the injured employee is not fully compensated by the tort-feasor does not prevent the compensation carrier from fully recovering on its right to subrogation.

[¶ 10.] Here, the statute is clear and unambiguous. Insurer has a first claim upon the proceeds of the third-party recovery and Garry retains the excess, with both parties' claims subjected to expenses and attorney fees.

[¶ 11.] The trial court's order granting summary judgment to Insurer is affirmed.

---

2. *See Martinez*, 390 N.W.2d at 73:
[T]he proceeds ... shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe [sic] or the employe's [sic] personal representative.... Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future.... Any balance remaining shall be paid to the employe [sic]....
(Quoting Wis.Stat. § 102.29(1)).

[¶ 12.] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

