# IN THE COURT OF APPEALS OF IOWA

No. 14-0290
Filed March 11, 2015

**SHARON MOAD, Individually and as**
**Personal Representative of the ESTATE**
**OF DOUGLAS MOAD, et al.,**
        Plaintiff-Appellant,

**vs.**

**RICHARD LIBBY, as Personal Representative**
**of the ESTATE OF MATTHEW LIBBY, et al.,**
        Defendant,

**and**

**DAKOTA TRUCK UNDERWRITERS, et al.,**
        Intervenor-Appellee.
_____

        Appeal from the Iowa District Court for Johnson County, Nancy A. Baumgartner, Judge.

        Appeal from an order denying the plaintiff's motion to strike the intervenor's subrogation lien. **AFFIRMED.**

        Martin Diaz and Elizabeth Craig of Martin Diaz Law Firm, Iowa City, for appellant.

        Sasha L. Monthei, of Scheldrup Blades Schrock Smith, P.C., Cedar Rapids, for appellee.

        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

This case involves a dispute between Dakota Truck Underwriters (hereinafter "DTU"), a workers' compensation carrier, and the plaintiff Sharon Moad, in her individual capacity and as the representative of the estate of Douglas Moad, relating to reimbursement of workers' compensation benefits paid to Douglas prior to his death. The question presented on appeal is "whether the law of Iowa or South Dakota should apply to determine whether a South Dakota workers' compensation carrier is entitled to subrogation for payments made to its insured by underinsured and uninsured insurance carriers arising out of a settlement resulting from third-party litigation in Iowa." *Moad v. Dakota Truck Underwriters*, 831 N.W.2d 111, 112 (Iowa 2013).

I.

This is the second time this matter has been on appeal. The facts and circumstances giving rise to the dispute and the procedural posture of the case are set forth in sufficient detail in the supreme court's prior opinion and need not be repeated at any great length here. *See Moad*, 831 N.W.2d at 111-13. As relevant here, Douglas Moad was a resident of South Dakota. He was employed as a truck driver by a South Dakota trucking company. Pursuant to South Dakota law, DTU voluntarily paid workers' compensation benefits to Moad arising out of a work-related traffic accident occurring in Iowa. We use the term "voluntarily paid" to mean the workers' compensation benefits were paid without Moad's entitlement to the benefits being challenged through a contested case or

similar proceeding. Douglas Moad accepted the workers' compensation benefits paid by DTU. Douglas deceased several months after the traffic accident. Sharon sought workers' compensation benefits in Iowa. She also filed this civil suit against the motorist causing the traffic accident. DTU intervened in this case, asserting a workers' compensation subrogation lien for the benefits paid to Douglas. Ultimately, Sharon settled this case with the underinsured and uninsured motorist insurance carriers and moved to strike the subrogation lien on the settlement proceeds. The parties agreed that DTU had a right to reimbursement if South Dakota law controlled the subrogation question and no right to reimbursement if Iowa law controlled the subrogation question. The district court held Iowa law applied and "granted Moad's motion to extinguish DTU's lien and denied DTU's motion to vacate the order approving the settlement." *Moad*, 831 N.W.2d at 113. DTU appealed that decision.

In the first appeal, the supreme court concluded the district court and this court incorrectly analyzed the conflict of laws issue. The court held Restatement (Second) Conflict of Laws section 185 should be used to determine whether Iowa law or South Dakota law applied to the subrogation issue. *Id.* at 118. The supreme court also held "to the extent Restatement (Second) section 185 [did] not apply," then Restatement (Second) section 145 provided "the proper approach to determining subrogation rules in a cause of action for personal injuries." *Id.* The supreme court remanded the case "to the district court to consider the extent to which section 185 of the Restatement (Second) applies in this case." *Id.*

On remand, Sharon renewed her motion to strike DTU's subrogation lien. DTU resisted the motion to strike on the ground that the lien was allowed pursuant to South Dakota law. The district court concluded Restatement (Second) section 185 applied to this case, concluded that South Dakota law controlled the subrogation question, and held that DTU had a valid lien against the settlement proceeds under South Dakota law for compensation benefits already paid to Moad. In the order denying the motion to strike, the district court stated it believed the parties had stipulated that the amount of the subrogation lien was $84,446.55. The district court also stated that if the parties had not stipulated to the amount of the lien, the court would consider the matter further. Sharon timely appealed the district court's order, which is now before us. On appeal, DTU disputes the amount of the lien and states it was not able to obtain a hearing on the amount of the lien because the plaintiff filed her notice of appeal before the issue could be resolved by the district court.

II.

Our review of the district court's ruling is for corrections of errors at law. *See* Iowa R. App. P. 6.907; *see also Comes v. Microsoft Corp.*, 709 N.W.2d 114, 117 (Iowa 2006). On appeal, the plaintiff first contends the district court erred in concluding Restatement (Second) section 185 was applicable to this case. Section 185 provides as follows:

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

Restatement (Second) of Conflict of Laws § 185 (1971). The plaintiff contends an "award" can only be paid following an adjudicative determination of entitlement to benefits, i.e., the entitlement to benefits must have been established in a contested case or similar proceeding. Here, the plaintiff argues, DTU voluntarily paid workers' compensation benefits pursuant to South Dakota law without a contested case proceeding. Therefore, the plaintiff argues, section 185 is inapplicable. DTU contends that section 185 includes those situations in which the employer or insurance carrier has paid and the employee accepted workers' compensation benefits without regard to whether there was a contested case proceeding. We conclude DTU has the better of the argument.

The plaintiff's interpretation of section 185 is too narrow. First, the plaintiff has not cited any cases adopting the narrow definition of "award." Second, there is authority to the contrary. *Kaiser v. North River Insurance Co.*, 605 N.W.2d 193, 196 (S.D. 2000), holds that benefits voluntarily paid under South Dakota's workers' compensation statute give rise to a statutory lien for benefits already paid. Third, parsing the text of the Restatement as if it were statutory authority is misplaced. "In general, we look to the Restatement not as the law but as a guide." *Heinz v. Heinz*, 653 N.W.2d 334, 339 (Iowa 2002). Our courts adopt the rules and rationale set forth in a particular Restatement only to the extent the rules and rationale are deemed consistent with our body of law and have persuasive force. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 839 (Iowa 2009). Thus, although our court may adopt the rules or rationale set forth in a particular Restatement, we do not necessarily do so jot-for-jot.

Most important, the plaintiff has not set forth any reason why an employer or insurance carrier that voluntarily paid workers' compensation benefits should receive different treatment, for choice of law purposes, than an employer or insurance carrier that paid benefits following a contested case proceeding. Sound policy reasons actually militate against Moad's interpretation of section 185. One purpose of the workers' compensation law common to all states is to encourage the efficient resolution of claims. *See Moad*, 831 N.W.2d at 118 ("[W]orker's compensation is designed to be an efficient method for dealing with workplace injuries . . . ."). It is at odds with workers' compensation schema, generally, to adopt a rule that incents employers and insurance carriers to contest claims for no reason other than to preserve subrogation rights. Further, it is at odds with workers' compensation schema, generally, to force an employer or insurance carrier to deny a claim without any factual or legal basis for doing so, potentially subject to sanction, merely to protect a subrogation right. We thus reject the plaintiff's narrow interpretation of section 185.

The plaintiff also argues that South Dakota law should not determine the subrogation issue because she filed in Iowa a workers' compensation claim for benefits related to Douglas's death. There is no doubt that Moad was entitled to file a claim for workers' compensation benefits in Iowa even after receiving benefits pursuant to the workers' compensation scheme established in South Dakota. *See Reid v. Hansen*, 440 N.W.2d 598, 602 (Iowa 1988). The fact that Moad sought additional benefits in Iowa, however, is not at all relevant to whether DTU has subrogation rights for benefits already paid pursuant to another

state's law. Moad cites cases purporting to stand for the proposition that the state in which the injured employee chooses to seek compensation benefits controls the subrogation question. The cases do not bear such weight. In each of the cases cited, the dispositive issue was not where the claimant chose to file the case, the dispositive issue was under which state's workers' compensation law were the compensation benefits paid. *See Kolberg v. Sullivan Foods, Inc.*, 644 N.E.2d 809, 811 (Ill. App. Ct. 1994) ("As to third-party actions, if compensation has been paid in a foreign state and suit is brought against a third party in the state of injury, the substantive rights of the employee, the subrogated insurance company and the employer are ordinarily held governed by the law of the foreign state."); *Langston v. Hayden*, 886 S.W.2d 82, 85 (Mo. Ct. App. 1994) (stating "the law generally states that the question of whether and to what extent the employer or its insurer is entitled to subrogation or reimbursement is to be determined according to the provisions of the workers' compensation law under which the compensation for the employee's injury was paid"); *Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 861 N.E.2d 524, 527 (Ohio 2007) (stating "the laws of the state in which the workers' compensation benefits were paid are controlling"); *Allen v. Am. Hardwoods*, 795 P.2d 592, 595 (Or. Ct. App. 1990) (stating that the State law pursuant to which compensation was paid determines the rights of subrogation).

There are sound policy reasons for concluding the law of the state pursuant to which benefits were paid is the controlling law with respect to the employer or insurance carrier's subrogation rights:

First, subrogation rights in the worker's compensation situation arise exclusively under the applicable worker's compensation act. As a result, since the employer's right to subrogation, if any, is created by statute, the state statute creating such rights should be applied to determine each of the employer's rights and liabilities thereunder. Second, it has been determined that the state whose worker's compensation program is most significantly involved has the most significant interest in the application of its policies. Finally, the application of the statute assures uniform and predictable results and does not allow one party to take advantage of the portion he likes and disregard those portions of which he disapproves.

*Brown v. Globe Union, a Div. of Johnson Controls, Inc.*, 694 F. Supp. 795, 798

(D. Colo. 1988). The same rationale is set forth in the Restatement:

Situations arise where an employee while acting in the course of his employment is injured by the wrongful conduct of a third party who is not declared immune from liability for tort or wrongful death by an applicable workmen's compensation statute (see § 184). In such situations, the third party remains liable even after an award has been rendered and paid. The workmen's compensation statutes differ as to what interest the person who has paid the award has in the recovery on the cause of action against the third party. Under some statutes, acceptance of compensation by an injured employee or his dependents terminates his rights against the third party. In such a case, only the person who has paid the award (either the employer or an insurer) has an interest in the cause of action. Other statutes provide, however, that the person who has paid the award shall be reimbursed out of the proceeds of the judgment, and that the employee shall receive any sum that may remain.

Under the rule of this Section, the local law of the state under whose workmen's compensation statute the claimant has received an award for an injury determines what interest the person who paid the award has in the recovery on any cause of action for tort or wrongful death that the employee may have against a third person on account of the same injury.

Restatement (Second) of Conflict of Laws § 185, cmt. a.

We thus hold that the local law of the state under whose workers'

compensation statute an employee has received benefits determines what

interest the person who paid the statutory benefits has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury. Here, DTU had an obligation to pay workers' compensation benefits pursuant to South Dakota law. *See* S.D. Codified Law § 62-8-6 (Supp. 1999) (subjecting all employers of workers subject to their workers' compensation act to the act). DTU voluntarily paid the statutory benefits pursuant to South Dakota law, and Moad accepted the same. South Dakota law provides DTU is entitled to subrogation. *See Kaiser*, 605 NW.2d at 196. Accordingly, the district court did not err in applying section 185 of the Restatement (Second) of Conflict of Laws and did not err in denying the plaintiff's motion to strike the lien.

III.

We have considered each of the parties' respective arguments, whether explicitly discussed herein. For the foregoing reasons, the judgment of the district court is affirmed. Because the amount of the subrogation lien is in dispute, we remand this matter for determination of the amount of the statutory lien pursuant to South Dakota law.

**AFFIRMED AND REMANDED.**