1999 SD 37

**Kay ZOSS, as Special Administratrix of the Estate of Robert Rowland Zoss, Plaintiff and Appellant,**

v.

**DAKOTA TRUCK UNDERWRITERS, Defendant and Appellee.**

No. 20585, 20586.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1998.

Decided March 31, 1999.

Rick Johnson of Johnson, Eklund, Nicholson, Peterson & Fox, Gregory, for plaintiff and appellant.

Paul T. Barnett of Siegel, Barnett & Schutz, Sioux Falls, for defendant and appellee.

MILLER, Chief Justice.

[¶ 1.] In this workers' compensation case resulting from a worker's death, we clarify our earlier holding by distinguishing "loss of consortium" and "pecuniary loss." *See Zoss v. Dakota Truck Underwriters*, 1998 SD 23, 575 N.W.2d 258 (*Zoss–1*).

## FACTS

[¶ 2.] Even though the underlying facts of this litigation are fully set forth in *Zoss–1*, for purposes of this appeal, a review of the pertinent facts is necessary.

[¶ 3.] Kay Zoss' husband Robert was killed in a semi-truck accident while employed by Selland Livestock. Selland's workers' compensation insurer, Dakota Truck Underwriters (Insurer), paid Robert's burial expenses and continued to pay Zoss death benefits of $1,113 per month. In addition, Zoss brought a wrongful death action against Leroy Perssons, the other driver in the accident, and obtained a $215,000 settlement.

[¶ 4.] Zoss then brought a declaratory judgment action to determine the parties' interest in the settlement. The trial court

granted summary judgment to Zoss, determining that Insurer's statutory lien was limited to the amounts paid as of the time the court apportioned the wrongful death damages among the beneficiaries, and that attorney fees and expenses would be apportioned at that same time. Insurer appealed.

[¶ 5.] On appeal we reversed and remanded, holding that: (1) the statutory lien extended to future amounts owed; (2) damages for pain and suffering could not be segregated from the entire settlement amount; and (3) loss of consortium damages are not "like" damages as contemplated in SDCL 62-4-38. We also provided the trial court with a formula to apply on remand to determine the allocation of expenses and attorney fees of third-party recovery.

[¶ 6.] On remand, the trial court granted summary judgment to Insurer, finding that Zoss had no viable loss of consortium claim against Perssons. The court stated that "loss of consortium pertains to the time between the accident and death, and there was no such applicable time regarding the death of Robert Zoss." We reverse the summary judgment.

[¶ 7.] On appeal, Zoss raises the following issue:

> Did the remand in *Zoss–1* entitle Zoss to a trial on the apportionment of her wrongful death recovery?

### STANDARD OF REVIEW

[¶ 8.] The issue before us is strictly a matter of law. This Court reviews questions of law de novo. *Hamerly v. City of Lennox Bd. of Adjustment*, 1998 SD 43, ¶ 10, 578 N.W.2d 566, 568 (citing *Peters v. Spearfish ETJ Planning Comm'n*, 1997 SD 105, ¶ 5, 567 N.W.2d 880, 883).

### DECISION

**The trial court erred in granting summary judgment to Insurer.**

1. SDCL 62–4–38 provides:
   If an injury for which compensation is payable under this title has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at the employee's option, either claim compensation or proceed at law against such

[¶ 9.] Zoss argues that summary judgment was improperly granted because, in a wrongful death action, a spouse is entitled to recover damages for the society and companionship of the decedent. We agree.

[¶ 10.] In *Zoss–1*, this Court held that loss of consortium damages did not constitute "like" damages as contemplated in our workers' compensation scheme as set forth in SDCL 62–4–38.[1] 1998 SD 23, ¶ 12, 575 N.W.2d at 262 (citing *Page v. Hibbard*, 119 Ill.2d 41, 115 Ill.Dec. 544, 547, 518 N.E.2d 69, 72 (1987)). Because they were not "like" damages, Insurer's lien could not attach to the portion of the settlement designated as loss of consortium damages. We provided a formula for the court to apply on remand, and stated that the loss of consortium claim, if any, should be separated from the other damages. *Zoss–1*, 1998 SD 23, ¶ 17, 575 N.W.2d at 263.

[¶ 11.] On remand, the trial court determined that Zoss had no viable loss of consortium claim. It found that loss of consortium pertains to the time between the accident and death, and no such time existed in this case. We agree with the trial court's statement. This Court has long recognized that "there is no right ... to a loss of consortium action, derivative or independent, for the wrongful death of one's spouse." *Selchert v. Lien*, 371 N.W.2d 791, 794 (S.D. 1985); *see also Hoekstra v. Helgeland*, 78 S.D. 82, 111, 98 N.W.2d 669, 684 (1959) (stating that the wrongful death statute is an exclusive remedy). However, in a wrongful death action "the jury may give such damages as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought." SDCL 21–5–7. Moreover, this Court has consistently held that

> pecuniary injury encompasses more than strictly economic losses in that it includes "the loss of decedent's companionship and

other person to recover damages or proceed against both the employer and such other person. However, in the event the injured employee recovers any like damages from such other person, the recovered damages shall be offset against any workers' compensation which the employee would otherwise have been entitled to receive.

society as expressed by, but not limited to, the words 'advice,' 'assistance,' and 'protection,' but without consideration for the grief and mental anguish suffered by the beneficiaries because of the wrongful death."

*Sander v. Geib, Elston, Frost Prof'l Ass'n,* 506 N.W.2d 107, 119 (S.D.1993) (quoting *Flagtwet v. Smith,* 367 N.W.2d 188, 191 (S.D. 1985) (*Flagtwet–1*)).

[¶ 12.] Although it is clear that we have consistently held loss of companionship and society are encompassed within pecuniary injury, it is also clear that we have used the terms, "loss of consortium," "pecuniary injury," and "pecuniary loss" inconsistently when referring to such damages. Therefore, we must take the opportunity this case presents to clarify our language.

[¶ 13.] We agree with the Minnesota Court of Appeals' statement that pecuniary loss and loss of consortium are not co-extensive. *See Lefto v. Hoggsbreath Enterprises, Inc.,* 567 N.W.2d 746, 750 (Minn.App.1997). This Court has defined consortium as "a right growing out of the marital relationship ... [which] includes the right of either spouse to the society, companionship, conjugal affections and assistance of the other." *Pankratz v. Miller,* 401 N.W.2d 543, 546 (S.D.1987) (citing *Morey v. Keller,* 77 S.D. 49, 51, 85 N.W.2d 57, 58 (1957)). Loss of consortium is an action that can be maintained only by a spouse and exists only during the decedent's lifetime prior to death. *Selchert,* 371 N.W.2d at 794; *see Leland v. Chawla,* 39 Conn.Sup. 8, 467 A.2d 439, 441 (1983); *see also Lefto,* 567 N.W.2d at 750 (stating " 'loss of consortium' applies only to loss suffered by married persons ... [and] cannot apply, as pecuniary loss may, to the loss of aid, advice, comfort, and protection suffered by a child[.]").

[¶ 14.] Pecuniary loss is defined much more broadly. It encompasses the loss to a spouse or a child of such things as protection, guidance, advice and assistance. *Flagtwet–1,* 367 N.W.2d at 191; *see Lefto,* 567 N.W.2d at 750; *see generally* 22A AmJur2d *Death* § 220 (1988) (stating that "pecuniary damages are the aggregate of pecuniary losses to each of such beneficiaries and are measured by, and limited to the pecuniary benefits that the beneficiaries might reasonably be expected to have derived from the decedent had his life not been terminated"). It is but one part of pecuniary injury and need not exist only between the time of injury and the time of death. Moreover, the spouse and children of the decedent may bring an action for the recovery of pecuniary loss. *See* SDCL 21–5–5;[2] *see generally Sander,* 506 N.W.2d at 120.

[¶ 15.] Therefore, in a wrongful death action, a spouse's recovery for pecuniary injury damages may include a recovery for the pecuniary loss of the decedent's society and companionship, which includes such things as protection, guidance, advice and assistance. However, no right exists for a loss of consortium action for the wrongful death of a spouse. *See Hoekstra,* 78 S.D. at 111, 98 N.W.2d at 684. Therefore, the terms "loss of consortium" and "pecuniary loss" are not co-extensive and must not be used interchangeably.

[¶ 16.] In *Zoss–1,* we instructed the trial court to consider loss of consortium damages when determining the allocation of expenses and attorney fees of third-party recovery. However, in terming the damages as loss of consortium damages, our instruction lacked clarity. This lack of clarity caused the trial court to consider only a loss of consortium claim and not the elements of pecuniary injury that are not "like" damages. In setting forth the formula, we should have instructed the trial court to separate the damages that are not "like" damages from the other damages.[3] While we recognize that we placed

2. SDCL 21–5–5 provides:
   Every action for wrongful death shall be for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the executor or regular special administrator of the deceased person.

3. As we stated in *Zoss–1,* the preferred practice would be for the parties to make a showing in the settlement as to which portion of the settlement is designated as compensation for such pecuniary loss. 1998 SD 23, ¶ 14 n.5, 575 N.W.2d at 263 n.5.

the trial court in a difficult position because of our inconsistent language, we also recognize that Zoss should have the opportunity to prove the amount, if any, of the settlement that compensates her for such pecuniary loss.[4] Therefore, summary judgment was improperly granted.

[¶ 17.] By notice of review Insurer asserts that the amount, if any, which may be ascribed to pecuniary loss is subject to pro rata reduction for attorney fees, tax and costs. That argument is premature and need not be addressed.

[¶ 18.] Reversed and remanded.

[¶ 19.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

---

4. As we noted in *Zoss–I,* "proof may be difficult at this stage; by Zoss' own admission, 'based upon this record, a determination of "like damages" in this case is not possible[.]'" 1998 SD 23, ¶ 14 n.5, 575 N.W.2d at 263 n.5.