SEVERSON, Justice
(on reassignment).
[¶ 1.] The proceeds from the settlement of multiple wrongful death lawsuits were paid into the Sheesley, Vermeulen, Bielstein Trust (SVB Trust) to be held pending a distribution of the funds. Stacie Wilcox, f/k/a Stacie Sheesley, personal representative of the Estate of Sheesley, brought this declaratory judgment action seeking to divide the corpus of the SVB Trust between its beneficiaries, the Estates of Sheesley and Vermeulen. The trial court distributed the corpus of the SVB Trust, but did not allow Dee Ann Vermeulen, personal representative of the Estate of Vermeulen, to present additional expert testimony in this distribution proceeding based on judicial estoppel. Ver-meulen appeals. We affirm.
BACKGROUND
[¶ 2.] Shane Sheesley, Thomas Ver-meulen, and Robert Bielstein died as a result of injuries sustained in an aircraft accident near Mission, South Dakota, on August 23, 2000. The decedents’ estates filed wrongful death actions against numerous defendants whose identities are not relevant to this appeal. In deciding to sue, the Estates of Sheesley and Vermeu-len retained common attorneys, while the Estate of Bielstein hired separate counsel. One wrongful death lawsuit was initiated in state court in Hughes County, South Dakota, and the other two suits were initiated in federal court in the United States District Court, District of South Dakota.
[¶ 3.] In order to prove damages in both wrongful death lawsuits, the Estates of Sheesley and Vermeulen hired Donald Frankenfeld, a forensic economist, to testify to the economic losses of the Estates. Neither estate provided expert testimony as to non-economic losses, which include “the loss of decedent’s companionship and society as expressed by, but not limited to, the words ‘advice,’ ‘assistance,’ and ‘protection[.]’ ” Zoss v. Dakota Truck Underwriters, 1999 SD 37, ¶11, 590 N.W.2d 911, 913-14 (quoting Sander v. Geib, Elston, Frost Prof'l Ass’n, 506 N.W.2d 107, 119 (S.D.1993) (quoting Flagtwet v. Smith, 367 N.W.2d 188, 191 (S.D.1985))).
[¶4.] Before the wrongful death lawsuits were decided on their merits, all parties and lawsuits settled out-of-court. The wrongful death lawsuit brought in state court settled for $2,500,000.00, and the federal lawsuit settled for $950,000.00. Both settlements were approved by the respective courts and placed in the SVB Trust. A separate settlement of $200,000.00 was reached with one defendant. This amount was not placed in the SVB Trust, but was distributed equally between the Estates of Sheesley and Vermeulen prior to the distribution proceeding leading to this appeal. After deduction of the Estate of Bielstein’s award, court costs, and attorneys’ fees from the SVB Trust, the remaining corpus of the trust ($1,625,872.00) was insufficient *467 to make the Estates of Sheesley and Ver-meulen whole. Further, the trust agreement did not provide a formula for dividing the trust corpus, and the parties could not agree on the distribution.
[¶ 5.] Stacie Wilcox (Wilcox), the personal representative of the Estate of Sheesley, brought this declaratory judgment action in the trial court seeking to divide the corpus of the SVB Trust between the Estates of Sheesley and Ver-meulen. Dee Ann Vermeulen (Vermeu-len), the personal representative of the Estate of Vermeulen, sought leave of court to present additional expert testimony in this distribution proceeding. In response, Wilcox argued that both parties pursued the defendants together using one team of lawyers and one expert, Frankenfeld; that throughout the litigation, the parties relied on the opinion of Frankenfeld when making trial and settlement decisions; and, that based on a theory of estoppel, Ver-meulen was prohibited from taking an “inconsistent position” by proffering a different expert in this distribution proceeding. The trial court agreed and did not allow the additional expert testimony based on judicial estoppel.
[¶ 6.] At the hearing concerning the distribution of the SVB Trust and other settlement proceeds, the trial court made findings of fact based on the stipulated record from the previous state and federal cases. The stipulated record included the depositions and testimony of the two widows and the economic expert, Frankenfeld. Ryan Vermeulen and Karla Vermeulen Taylor, Vermeulen’s children, also testified at this hearing to aid the trial court in determining non-economic losses. Based on the economic losses determined by Frankenfeld and the non-economic losses determined by the trial court, the trial court distributed 87% of the SVB Trust to the Estate of Sheesley (Stacie Wilcox and Shelbie Sheesley Wilcox) and 13% to the Estate of Vermeulen. The trial court allocated 9.75% of the Estate of Vermeulen to Dee Ann Vermeulen, 1.95% to Ryan Ver-meulen, and 1.3% to Karla Vermeulen Taylor.
STANDARD OF REVIEW
[¶ 7.] “Admission of expert testimony is within the broad discretion of the trial court.” Thompson v. Mehlhaff, 2005 SD 69, ¶ 21, 698 N.W.2d 512, 519 (citing Schrader v. Tjarks, 522 N.W.2d 205, 209 (S.D.1994); Stormo v. Strong, 469 N.W.2d 816, 820 (S.D.1991)). “A trial court’s evidentiary rulings are presumed correct and will not be reversed unless there is a clear abuse of discretion.” Id. ¶ 21, 698 N.W.2d at 519-20 (citing Stormo, 469 N.W.2d at 820). As this Court noted in State v. Asmussen: ‘With regard to the rules of evidence, abuse of discretion occurs when a trial court misapplies a rule of evidence, not when it merely allows or refuses questionable evidence.” 2006 SD 37, ¶ 13, 713 N.W.2d 580, 586 (citing State v. Guthrie, 2001 SD 61, ¶ 30, 627 N.W.2d 401, 415 (citing Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996))). “In addition to showing an abuse of discretion, [Vermeulen] must show that the excluded evidence might and probably would have resulted in a different verdict.” Thompson, 2005 SD 69, ¶21, 698 N.W.2d at 520 (citing Schrader, 522 N.W.2d at 209-10). Finally, the proponent of excluded evidence must make the substance of the evidence known to the trial court by making an offer of the excluded evidence at trial or prior to trial by an offer of proof.[1] Id. (citing Joseph v. Kerkvliet, *468 2002 SD 39, ¶ 7, 642 N.W.2d 533, 535 (quoting State v. Norville, 23 S.W.3d 673, 685 (Mo.Ct.App.2000))).
ANALYSIS AND DECISION
[¶ 8.] 1. Whether the trial court erred by applying judicial estoppel to deny Vermeulen’s motion to offer additional expert testimony.
[¶ 9.] We must first address Yermeulen’s argument that the trial court erred by denying her motion to offer additional expert testimony in this distribution proceeding. Wilcox argued that based on a theory of estoppel, Vermeulen was prohibited from taking an “inconsistent position” by proffering a different expert for distribution purposes.
To create an estoppel, there must have been some act or conduct upon the part of the party to be estopped, which has in some manner misled the party in whose favor the estoppel is sought and has caused such party to part with something of value or do some other act relying upon the conduct of the party to be estopped, thus creating a condition that would make it inequitable to allow the guilty party to claim what would otherwise be his legal rights.
A-G-E Corp. v. State, 2006 SD 66, ¶32, 719 N.W.2d 780, 789 (quoting Western Cas. and Sur. Co. v. Am. Natl. Fire Ins. Co., 318 N.W.2d 126, 128 (S.D.1982) (quoting Somers v. Somers, 27 S.D. 500, 504, 131 N.W. 1091, 1093 (1911))). ' “Estoppel will be applied against a party ‘who by [his] words or conduct take[s] positions inconsistent with [his] rights, unfairly misleading others into detrimental reliance.’ ” Id. (quoting Harms v. Northland Ford Dealers, 1999 SD 143, ¶ 17, 602 N.W.2d 58, 62) (additional citations omitted).
[¶ 10.] The trial court ruled that because both parties pursued the defendants together with one expert and relied on that expert’s opinion in making trial and settlement decisions, Vermeulen was judicially estopped from offering a different expert in this distribution action. This Court has considered the following elements in deciding whether to apply judicial estoppel:
[T]he later position must be clearly inconsistent with the earlier one; the earlier position was judicially accepted, creating the risk of inconsistent legal determinations; and the party taking the inconsistent position would derive an unfair advantage or impose an unfair detriment to the opponent if not es-topped.
Canyon Lake Park, L.L.C. v. Loftus Dental, P.C., 2005 SD 82, ¶34, 700 N.W.2d 729, 737 (quoting Watertown Concrete Prod., Inc. v. Foster, 2001 SD 79, ¶ 12, 630 N.W.2d 108, 112-13 (citing New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 1814-15, 149 L.Ed.2d 968, 977)) (additional citations omitted). Vermeulen now argues that the retention of a separate expert was necessary because Frank-enfeld did not consider the non-economic losses to the parties or the economic losses to Vermeulen’s children.
*469 [¶ 11.] Wilcox brought this declaratory judgment action because the trust agreement did not provide a formula for dividing the trust corpus and the parties could not agree on the distribution. The trial court addressed two tasks in this action. First, the complaint was filed under SDCL 21-24-5 to divide the corpus of the SVB Trust between its beneficiaries,[2] the Estates of Sheesley and Vermeulen. A second related issue was the allocation between the two beneficiaries of the Estate of Sheesley and among the three beneficiaries of the Estate of Vermeulen based on SDCL 21-5-8.[3]
[¶ 12.] The trial court divided the corpus of the SVB Trust between its beneficiaries with 87% to the Estate of Shees-ley and 13% to the Estate of Vermeulen. The amount of distribution to each estate was based on the trial court’s determination of pecuniary loss to each estate. “[P]ecuniary losses include both economic and non-economic losses[.]” Dakota Plains A.G. Ctr., L.L.C. v. Smithey, 2009 SD 78, ¶ 13, 772 N.W.2d 170, 177 (citing Zoss, 1999 SD 37, ¶¶ 11-15, 590 N.W.2d at 913-14). In the present action, non-economic loss was based primarily on the testimony of family members. Franken-feld testified to economic loss using life expectancy and estimations of earning capacity. The Estate of Sheesley’s damages were calculated as greater than the Estate of Vermeulen’s damages because Sheesley was younger and had more years of lost earnings, and also because Sheesley had a greater earning capacity than Vermeulen.
[¶ 13.] The trial court also allocated each estate between or among its beneficiaries. The allocation within the Estate of Sheesley between its two beneficiaries, the wife and daughter of Sheesley, was delayed pending appointment of a guardian ad litem as the daughter, Shelbie Sheesley Wilcox, was a minor. This matter was not appealed. The trial court allocated loss among the beneficiaries of the Estate of Vermeulen with 75% to Vermeu-len’s wife, Dee Ann Vermeulen; 15% to his son, Ryan Vermeulen; and 10% to his daughter, Karla Vermeulen Taylor. The allocation among the beneficiaries of the Estate of Vermeulen was not appealed.
[¶ 14.] In wrongful death actions, damages may be awarded proportionally based on pecuniary injuries under SDCL 21-5-7.[4] “[Pecuniary injury encompasses more than strictly economic losses[.]” Dakota Plains A.G. Ctr., 2009 SD 78, ¶ 29, 772 N.W.2d at 181 (quoting Zoss, 1999 SD *470 37, ¶ 11, 590 N.W.2d at 913). “[I]t includes ‘the loss of decedent’s companionship and society as expressed by, but not limited to, the words “advice,” “assistance,” and “protection,” but without consideration for the grief and mental anguish suffered by the beneficiaries because of the wrongful death.’ ” Id. (quoting Zoss, 1999 SD 37, ¶ 11, 590 N.W.2d at 913-14).
[¶ 15.] The parties submitted evidence relevant to their pecuniary losses at trial in this distribution action. This evidence included the testimony of Ryan Vermeulen and Karla Vermeulen Taylor. The trial court also considered stipulations, exhibits, and transcripts of testimony of Wilcox, Vermeulen, and Frankenfeld in depositions and at trial in proceedings before the Sixth Judicial Circuit Court, Hughes County, South Dakota, and in discovery in United States District Court, District of South Dakota, Southern Division. Finally, the trial court considered Frankenfeld’s report and the summary of the case submitted by attorney Bart Banks, who represented both parties in the wrongful death actions. Both parties submitted briefs and argument of counsel.
[¶ 16.] Prior to trial, Vermeulen moved to submit further expert testimony on economic damages, but he did not make an offer of proof as to the substance of the proposed evidence, explain how that evidence would assist the trial court, or even name an expert. To be admissible, an expert’s opinion must assist the trier of fact.[5] SDCL 19-15-2. Vermeulen focuses on Frankenfeld’s testimony concerning the economic portion of the pecuniary injury. Frankenfeld calculated the economic loss suffered by each estate based on Shees-ley’s and Vermeulen’s lost earning potential over what would have been their expected life span. Economic loss generally is comprised of lost lifetime earnings. No evidence was presented to support economic loss more than the amounts Shees-ley or Vermeulen could have earned during their lifetime less their consumption.
[¶ 17.] Vermeulen argues Frankenfeld was remiss in not specifically addressing Ryan Vermeulen’s economic loss and in not calculating non-economic pecuniary loss. Ryan Vermeulen was eighteen at the time of his father’s death but was a high school student living at home and was still dependent on his father’s support. Because the Estate of Vermeulen’s economic loss was based on potential earnings, the Estate’s economic losses do not increase simply by showing that more family members were injured or suffered an economic loss. The trial court specifically found Ryan Vermeulen had an economic loss and considered that evidence in the allocation within the Estate of Vermeulen.
[¶ 18.] At the trial before Judge Kern, Ryan Vermeulen and Karla Vermeulen Taylor testified as to the non-economic pecuniary losses they suffered. In the trial court’s findings, damages were allocated based on total pecuniary loss, both economic loss and non-economic loss. The differences in their relationships with their father would have affected allocation, a fact recognized by the trial court’s decision. Vermeulen made no showing at the motion hearing or at the trial as to the nature or relevance of any proposed expert testimony on non-economic loss.
[¶ 19.] Vermeulen contends the trial court erred in refusing further expert testimony based on judicial estop-pel. Wilcox argued such evidence should not be allowed based on principles of es- *471 toppel since the corpus of the SVB Trust consisted of settlements reached by the parties where they jointly presented evidence of economic loss based on the testimony of the same forensic economist, Frankenfeld. Even if the trial court was not technically correct in using judicial estoppel rather than promissory estoppel[6] or equitable estoppel,[7] this is not an error that requires that we reverse the trial court’s decision.
[¶ 20.] We should not reach that issue because Vermeulen failed to make an offer of proof as to the evidence that would be presented and the substance of the evidence was not apparent from the context. Thompson, 2005 SD 69, ¶ 21, 698 N.W.2d at 520 (citations omitted). See City of Sioux Falls v. Kelley, 513 N.W.2d 97, 108 (S.D.1994) (citing Crilly v. Morris, 70 S.D. 584, 19 N.W.2d 836 (1945)) (“Where there has been no offer of proof on excluded testimony, and it is impossible to determine whether the party has been prejudiced by the court’s ruling, the contention that the court erred in excluding testimony has not been preserved for appeal.”). Neither the trial court nor this Court should speculate as to the substance of the proposed evidence. This was an evidentiary ruling that should not be reversed because there was not a clear abuse of discretion.
[¶ 21.] In addition, Vermeulen failed to show “that the excluded evidence might and probably would have resulted in a different verdict,” or even that the expert testimony would assist the trial court. See Thompson, 2005 SD 69, ¶21, 698 N.W.2d at 520 (citations omitted). “Findings of fact, whether based on oral or documentary evidence, may not be set aside unless clearly erroneous.” SDCL 15-6-52(a). The trial court entered detailed Findings of Fact and Conclusions of Law. The trial court’s findings of fact were methodical and supported by the evidence.
[¶ 22.] 2. Whether the trial court erred by considering the $93,333.00 distribution to each estate an interim distribution.
[¶ 23.] Vermeulen also argues that the trial court erred by considering *472 the $93,333.00 distribution to the Estates of Sheesley and Vermeulen an interim distribution. The wrongful death lawsuit brought in state court settled for $2,500,000.00, and the federal lawsuit settled for $950,000.00. Although both settlements were approved by the respective courts and placed in the SVB Trust, neither settlement provided guidance for distribution of the SVB Trust between the Estates of Sheesley and Vermeulen or allocation among the beneficiaries of the Estates. A separate settlement of $200,000.00 was reached with one defendant. This amount was not placed in the SVB Trust, but was distributed equally between the Estates of Sheesley and Ver-meulen, less their equal share of attorneys’ fees. Each estate received $93,333.00. Based on a written stipulation between Wilcox and Vermeulen, and upon oral argument by the parties at trial, the trial court decided the $200,000.00 settlement and subsequent distributions did not include an agreement to exclude that amount from this distribution proceeding. The trial court found that the lack of an agreement to the contrary established that the two interim distributions of $93,333.00 were subject to a final distribution between the Estates of Sheesley and Ver-meulen.
[¶ 24.] “We review conclusions of law under the de novo standard without deference to the [trial] court.” In re Estate of Watson, 2003 SD 142, ¶ 9, 673 N.W.2d 60, 62 (citations omitted). The “[e]xistence of a valid contract is a question of law,” In re Estate of Neiswender, 2000 SD 112, ¶ 9, 616 N.W.2d 83, 86 (citations omitted), and the “proponent has the burden ‘to prove the contract by evidence so clear and satisfactory’ that no doubt remains,” id., ¶ 10 (citing Neuharth v. Brunz, 85 S.D. 267, 274, 181 N.W.2d 92, 95 (1970) (citing Ward v. Melby, 82 S.D. 132, 142 N.W.2d 526 (1966))) (additional citation omitted).
[¶ 25.] Vermeulen had the burden as the proponent to establish the existence of an agreement that the $93,333.00 was a final distribution. See id. In support of her contention, Vermeulen noted that the parties stipulated that the $200,000.00 settlement was not deposited in the SVB Trust, “which is the subject of the instant action”; that Vermeulen signed a release based on the receipt of $93,333.00; and, that to divide those proceeds using the same percentages as applied to the SVB Trust would be “patently unfair.” These arguments fail to establish an agreement that the $200,000.00 settlement and subsequent $93,333.00 distributions to each estate were final distributions not subject to a later distribution between the Estates of Sheesley and Vermeulen.
[¶ 26.] The signed release was a condition to settlement, “simply a release to settle the case.” Both parties admit the release and settlement did not include language referencing the type of distribution. Vermeulen conceded that it was “sort of a boiler plate standard release.” Furthermore, the stipulations confirm that the parties understood these were not final distributions. The December 18, 2008, Stipulation # 5 states: “That at the time [the $200,000.00 claim] was settled, there was no agreement as to how such proceeds should be allocated among any beneficiaries of the wrongful death proceeds.” (Emphasis added.)
[¶ 27.] Finally, leaving this settlement out of the SVB Trust does not reflect a final distribution of those proceeds. The parties stipulated that Wilcox and Vermeu-len, apart from Bielstein, entered into an agreement to settle with one of the defendants in the federal court lawsuit. Deposit of this settlement into the SVB Trust raised further settlement complications *473 with the Estate of Bielstein because that Estate was a party to the SVB Trust. Wilcox and Vermeulen agreed to split the settlement proceeds therein on an equal basis to facilitate resolution of the matter. This evidence suggests an interim distribution to circumvent a problem with the Estate of Bielstein; it does not reflect an agreement that the distribution would be final as between the Estates of Sheesley and Vermeulen. Furthermore, because the parties in fact did not divide the settlement proceeds themselves, the trial court was required to divide the entire award between them. SDCL 21-5-8.
[¶ 28.] Therefore, the trial court did not err as a matter of law. The trial court correctly decided that Vermeulen failed to establish the existence of an agreement as to the finality of the $93,333.00 distribution “by evidence so clear and satisfactory that no doubt remains.” Neiswender, 2000 SD 112, ¶ 10, 616 N.W.2d at 86 (citations and internal quotations omitted). Further, because this amount was not distributed between the Estates of Sheesley and Vermeulen, it was subject to final court distribution pursuant to SDCL 21-5-8. The entire $186,666.00 is subject to final distribution between the Estates of Sheesley and Ver-meulen because there was no agreement that each $93,333.00 distribution was a final distribution.
[¶ 29.] Affirmed.
[¶ 30.] ZINTER, Justice, concurs.
[¶ 31.] GILBERTSON, Chief Justice, and MEIERHENRY, Justice, concur specially.
[¶ 32.] SABERS, Retired Justice, dissents in part and concurs in part.
[¶ 33.] SABERS, Retired Justice, sitting for KONENKAMP, Justice, disqualified.

. SDCL 19-9-3 (Rule 103(a)) provides:
Error may not be predicated upon a ruling which admits or excludes evidence unless a *468 substantial right of the party is affected, and: (1) In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
(2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

.SDCL 21-24-5 provides:
Any person interested as or through a personal representative, trustee, conservator, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust in the administration of a trust, or of the estate of a decedent, minor, protected person, or insolvent, may have a declaration of rights or legal relations in respect thereto:
(1) To ascertain any class of creditors, devi-sees, legatees, heirs, next of kin, or others;
(2) To direct the personal representatives or trustees to do or abstain from doing any particular act in their fiduciary capacity;
(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

. SDCL 21-5-8 provides:
The amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment, in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries.

. SDCL 21-5-7 provides: "In every action for wrongful death the jury may give such damages as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought.”

. SDCL 19-15-2 (Rule 702) provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

. Wilcox argues that promissory estoppel prevents Vermeulen from presenting additional expert testimony in this distribution proceeding. “This Court has held that ‘promissory estoppel may be invoked where a promisee alters his position to his detriment in the reasonable belief that a promise would be performed.’ " Canyon Lake Park, 2005 SD 82, ¶ 38, 700 N.W.2d at 739 (quoting Garrett v. BankWest, Inc., 459 N.W.2d 833, 848 (S.D. 1990) (citing Minor v. Sully Buttes Sch. Dist. No. 58-2, 345 N.W.2d 48, 51 (S.D.1984))). The elements of promissory estoppel are as follows:
(1) The detriment suffered in reliance must be substantial in an economic sense;
(2) The loss to the promisee must have been foreseeable by the promisor; and
(3) The promisee must have acted reasonably in justifiable reliance on the promise made.
Id. Wilcox asserts that each of these elements is established in the present case.

. In order to constitute equitable estoppel,
(1) False representations or concealment of material facts must exist;
(2) The party to whom it was made must have been without knowledge of the real facts;
(3) The representations or concealment must have been made with the intention that it should be acted upon; and
(4) The party to whom it was made must have relied thereon to his prejudice or injury.
Hahne v. Burr, 2005 SD 108, ¶ 17, 705 N.W.2d 867, 873 (quoting Cleveland v. Tinag-lia, 1998 SD 91, ¶38, 582 N.W.2d 720, 727). Equitable estoppel cannot exist “if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence.” Cooper v. lames, 2001 SD 59, ¶ 16, 627 N.W.2d 784, 789.