#25957-a-JKK

2011 S.D. 96

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

RONALD STEINEKE and
SHERYL STEINEKE,                             Plaintiffs and Appellants,

v.

ROSS O. DELZER and
BARBARA T. DELZER,                           Defendants and Appellees,

and

BOB GERKIN d/b/a
TRI-STATE REALTY, INC.,                      Defendant and Third Party
                                             Plaintiff and Appellee,

v.

PATRICK L. DONAHUE; JEB HUGHES;
WESTERN PROPERTIES, INC. d/b/a
UNITED COUNTRY/WESTERN
PROPERTIES, INC., and/or
UNITED COUNTRY REAL ESTATE,                  Third Party Defendants and
                                             Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN W. BASTIAN
Judge

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 14, 2011

OPINION FILED 12/28/11

BRAD A. SCHREIBER of
The Schreiber Law Firm, Prof. LLC
Pierre, South Dakota

and

JOHN R. FREDERICKSON of
Frederickson Law Office
Deadwood, South Dakota

Attorneys for plaintiffs
and appellants.


KENNETH E. BARKER of
Barker Wilson Law Firm
Belle Fourche, South Dakota

Attorneys for defendants
and appellees Delzers.


GREGORY J. ERLANDSON
SARAH E. BARON HOUY of
Bangs, McCullen, Butler,
  Foye & Simmons, LLP
Rapid City, South Dakota

Attorneys for defendant and
third party plaintiff and
appellee Gerkin/Tri-State
Realty.


JAMES S. NELSON
REBECCA L. MANN of
Gunderson, Palmer, Nelson
  & Ashmore, LLP
Rapid City, South Dakota

Attorneys for third party
defendants and appellees
Donahue, Hughes and Western
Properties, Inc.

#25957

KONENKAMP, Justice

[¶1.]    In this contract dispute, we conclude that the Restatement (Second) of Torts § 552B sets the proper measure of damages in a negligent misrepresentation claim.

## Background

[¶2.]    Ross and Barbara Delzer owned a ranch in Butte County, South Dakota. In 2004, they hired Bob Gerkin, a real estate agent with Tri-State Realty, Inc., to list the ranch for sale. They gave Gerkin general information about the property, including the water system. Ronald and Sheryl Steineke expressed interest in the ranch. Their agents, Patrick Donahue and Jeb Hughes of Western Properties, Inc., had Gerkin show them the dams, the dugouts, and the well. According to the Steinekes, Gerkin represented that the well would produce "as much water" as they would need for their farming and ranching operation.

[¶3.]    In April 2005, the parties completed the sale of the ranch. Almost two years later, the Steinekes sued the Delzers and their agent, Gerkin, who in turn sued the Steinekes' agents. Among other things, the Steinekes alleged a negligent misrepresentation claim, maintaining that that they were misled about the condition of the well and its potential to meet their farming and ranching needs. They sought $513,000 in damages: the estimated cost of installing a new well.

[¶4.]    With the Steinekes' only proffered evidence of damages being the cost of a new well, the Delzers moved to prohibit any such evidence. The circuit court granted the motion. It ruled that Restatement (Second) of Torts § 552B sets forth the proper measure of damages: the Steinekes may recover only their "out-of-pocket

loss" plus "the difference between what [they] paid for the property and what [they] should have paid absent the alleged negligent misrepresentation."[1]  The court found that the cost of a new well was not a recoverable "pecuniary loss" and would be misleading, confusing, and prejudicial.

[¶5.]    The circuit court also prohibited the Steinekes from testifying on the cost of the well as a means of proving the devaluation of their property. Alternatively, the court found that the Steinekes failed to establish that they possessed "sufficient specialized knowledge" to testify as experts about the cost of drilling a new well or to offer an opinion that a new well would "generate the amount of water allegedly promised by [the Delzers' agent]."

[¶6.]    These pretrial rulings effectively excluded the Steinekes' only evidence of damages on their negligent misrepresentation claim.  For this reason, the parties stipulated to the entry of final judgment against the Steinekes.  On appeal, the Steinekes challenge the court's rulings on damages.

## Damages – Negligent Misrepresentation

[¶7.]    We must decide whether the Restatement (Second) of Torts sets forth the proper measure of damages in South Dakota for negligent misrepresentation.

---

1.    Restatement (Second) of Torts § 552B(1) (1977) provides in full:

> The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including the difference between the value of what he has received in the transaction and its purchase price or other value given for it[ ] and [the] pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

"Questions requiring the application of a legal standard are reviewed as are questions of law — de novo." *Voeltz v. John Morrell & Co.*, 1997 S.D. 69, ¶ 9, 564 N.W.2d 315, 316. "We give no deference to the circuit court under this standard of review." *Id.* And the court's evidentiary rulings, "are presumed correct and will not be reversed unless there is a clear abuse of discretion." *Wilcox v. Vermeulen*, 2010 S.D. 29, ¶ 7, 781 N.W.2d 464, 467.

[¶8.]     In 2008, Federal District Court Judge Karen Schreier predicted that this Court would "follow the provisions relating to damages for negligent misrepresentation as set forth in the Restatement [(Second) of Torts]." *O'Daniel v. Stroud NA*, 604 F. Supp. 2d 1260, 1263 (D.S.D. 2008). In accord with this prediction, Judge Schreier ruled that Restatement (Second) of Torts § 552B precluded the plaintiff from introducing evidence of his lost profits. *Id.* at 1263. The Eighth Circuit Court of Appeals also predicted that this Court would adopt Restatement (Second) of Torts § 552B. *Karas v. Am. Family Ins. Co.*, 33 F.3d 995 (8th Cir. 1994).[2]

[¶9.]     The Steinekes argue that the circuit court erred in applying the Restatement (Second) of Torts § 552B because SDCL 21-3-1 sets the proper standard for tort actions and no other statute expressly provides for the measure of damages for negligent misrepresentation.[3] Although this argument was not

---

2.    The parties concede that these federal decisions are not binding on this Court.

3.    SDCL 21-3-1 provides the general measure of damages for breach of a noncontractual obligation: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided

(continued . . .)

preserved for appeal because it was never made below, we elect to address it. Simply put, the Restatement (Second) of Torts § 552B does not violate SDCL 21-3-1 because that statute merely addresses the general measure of damages for tort actions and does not foreclose establishing a specific measure of damages for a particular tort.

[¶10.] Under the Restatement (Second) of Torts § 552B, damages recoverable for a negligent misrepresentation claim do not include the benefit of the plaintiffs' contract with the defendant. "This position is consistent with . . . [the] general rule [of] no liability for merely negligent conduct that interferes with or frustrates a contract interest or an expectancy of pecuniary advantage." *Id.* at cmt. b. "The considerations of policy that have led the courts to compensate the plaintiff for the loss of his bargain in order to make the deception of a deliberate defrauder unprofitable to him, do not apply when the defendant has had honest intentions but has merely failed to exercise reasonable care in what he says or does." *Id.*

[¶11.] The Restatement (Second) of Torts § 552B approach to damages is consonant with our prior reliance on § 552 in considering negligent misrepresentation jurisprudence. *See, e.g., Bayer v. PAL Newcomb Partners*, 2002 S.D. 40, ¶ 11, 643 N.W.2d 409, 412; *see also Fisher v. Kahler,* 2002 S.D. 30, ¶ 10, 641 N.W.2d 122, 126; *Meyer v. Santema*, 1997 S.D. 21, ¶ 9, 559 N.W.2d 251, 254; *Pickering v. Pickering*, 434 N.W.2d 758, 762 (S.D. 1989). We have not, however,

_____

(. . . continued)
by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

specifically addressed "the amount of damages a plaintiff may recover for a negligent misrepresentation claim." *O'Daniel*, 604 F. Supp. 2d at 1262. Because we are persuaded that the standard in Restatement (Second) of Torts § 552B properly governs the measure of damages in a negligent misrepresentation claim, the circuit court did not err in applying it. A plaintiff asserting such a claim may recover "damages . . . necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause." Restatement (Second) of Torts § 552B. This includes "the difference between the value of what he has received in the transaction and its purchase price or other value given for it[ ] and the pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation." *Id.* In sum, plaintiffs asserting negligent misrepresentation claims may recover reliance damages but not expectation damages. Accordingly, the Steinekes' evidence of the estimated cost for a new well was properly excluded.

## Landowner Valuation

[¶12.] The Steinekes argue that the circuit court abused its discretion in precluding them from testifying on their land's value. Although owners are generally permitted to give an opinion on the value of their real estate, the Steinekes' methodology — valuing the land as diminished by the cost of a new well — was merely a backdoor way to assert their expectation damages. A landowner's method of valuation is subject to the same standards as other experts. *City of Sioux Falls v. Johnson*, 1999 S.D. 16, ¶ 13, 588 N.W.2d 904, 908. It was not admissible

under Restatement (Second) of Torts § 552B.  The Steinekes' remaining arguments lack sufficient merit for discussion.

[¶13.]    Affirmed.

[¶14.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.